# RECORD IMPOUNDED

**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1763-17T3

O.K.,

      Plaintiff-Respondent,

v.

A.K.,[1]

      Defendant-Appellant.

_____

Argued February 12, 2020 – Decided January 15, 2021

Before Judges Fuentes and Mayer.

On appeal from the Superior Court of New Jersey, Chancery Division, Family Part, Essex County, Docket No. FV-07-1299-16.

A.K., appellant, argued the cause pro se.

Respondent has not filed a brief.

The opinion of the court was delivered by

---

[1] We use initials to protect the parties' privacy and the confidentiality of these proceedings. R. 1:38-3(d)(9).

FUENTES, P.J.A.D.

Defendant A.K., appearing pro se, appeals from an amended Final Restraining Order (FRO) entered by the Essex County Chancery Division, Family Part on October 31, 2017, under the Prevention of Domestic Violence Act (PDVA), N.J.S.A. 2C:25-17 to -35. The appellate record includes the transcript of the original FRO hearing conducted on November 9, 2015 before Judge Bridget A. Stecher. The record shows plaintiff O.K. was at the time married to defendant; they had two children who were then five and six years old. Prior to seeking relief under the PDVA plaintiff had filed a marital dissolution action, which at the time was still pending.

At the initial FRO hearing, Judge Stecher found plaintiff's demeanor trustworthy and her testimony credible. By contrast, the judge found defendant's testimony evasive and overall not credible. Based on the parties' testimony, Judge Stecher found plaintiff proved, by a preponderance of the credible evidence, that defendant committed the predicate act of harassment, a petty disorderly persons offense under N.J.S.A. 2C:33-4(a). The judge accepted plaintiff's testimony that defendant used social media to harass her. The judge thereafter applied the two-prong analytical paradigm this court established in Silver v. Silver, 387 N.J. Super. 112, 125-27 (2006), and found plaintiff was

entitled to court-ordered restraints to protect her from further immediate harassment and to protect her from future misconduct by defendant. The judge also granted plaintiff primary custody of the children and exclusive possession of the marital residence and denied defendant parenting time with the children.

The November 9, 2015 FRO was subsequently amended on November 20, 2015, December 8, 2015, and finally on October 31, 2017. In this appeal, defendant seeks the reversal of the October 31, 2017 amended FRO. However, he has not provided a transcript of the October 31, 2017 hearing. In fact, all of the arguments defendant makes in his pro se brief are directed at the November 9, 2015 hearing. Ironically, the October 31, 2017 amended FRO was favorable to defendant because it allowed him parenting time with the children, something the original FRO and the two subsequent amended FROs specifically denied.

The appellate record shows defendant filed an emergent motion on January 22, 2018, "To Set Aside the October 31, 2017 Amended Final Domestic Violence Restraining Order (FRO)." We denied this motion in an order dated January 23, 2018. In two separate orders dated May 18, 2018, we denied defendant's motions seeking the assignment of counsel and to accelerate the appeal. Finally, in an order dated June 7, 2019, this court denied defendant's motion to use the transcript of the November 9, 2015 FRO hearing in lieu of

3

providing the transcript of the October 31, 2017 hearing.  Without a record of these proceedings, we cannot review the trial court's decision.

Pursuant to <u>Rule</u> 2:9-9, the appeal is dismissed with prejudice.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

4